IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC DEMETRIC HOSEY, #193503, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-400-TMH |
| ) | [WO] |
| ) | |
| J. C. GILES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 2, 2012, Eric Demetric Hosey ["Hosey"], a state inmate, filed the instant complaint in which he alleges a denial of adequate clothing during his confinement at the Ventress Correctional Facility. Hosey did not submit the $350 filing fee and, instead, filed documents seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 2*. In support of this request, Hosey provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After thorough review of the financial information provided by Hosey and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined Hosey owed an initial partial filing fee of $9.81. *Order of May 3, 2012 - Doc. No. 3* at 2. The court therefore ordered Hosey to pay the initial partial filing fee on or before May 18, 2012. *Id*.

In addition, this order specifically informed Hosey "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original).  The order also "advised [Hosey] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3.  Moreover, the court specifically cautioned Hosey that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Hosey has failed to pay the initial partial filing fee within the time allowed by the order entered May 3, 2012.  In addition, Hosey did not advise the court of the need for an extension to pay the fee as directed by the aforementioned.  The court therefore concludes the instant cause of action should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.  It is further

ORDERED that **on or before June 29, 2012**, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be

considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 15th day of June, 2012.

           /s/Charles S. Coody
           CHARLES S. COODY
           UNITED STATES MAGISTRATE JUDGE